WAR RELIEF ASS'N of HOCKING COUNTY, FUNDS OF in re.

Ohio Appeals, 4th Dist, Hocking Co.

Decided Dec. 8, 1926.

A B Wells, Athens, for Petitioners.

M A Daugherty, Lancaster, for Trustees.

Gilbert Bettman, Cincinnati, Joseph McGee, Columbus, Eugene Wright, Logan and F E Weinrich, Logan, for Cross Petitioners.

**BY THE COURT**

Proceeding first to the consideration of the intervening petition seeking to have the fund distributed among the original contributors thereto, we find that many of those contributors are dead, others have moved away, that many of the contributions were in small amounts, and that for these and other reasons the return of the money to the original donors is unwise and impracticable and that no substantial demand for such return exists among those who built up the fund. The prayer of that intervening petition is denied.

As we have pointed out above, the powers of the original board of control were broad and but little restriction was placed upon that board in the distribution of the funds raised by it, the only real restriction being that it be used for the benefit of the soldiers of the World War. That board concluded in 1919 that the residue of the funds then in its hands amounting to $19,460.24 should be employed in aiding in the erection of a memorial building in cooperation with the officers of the American Legion and appointed the committee now having custody of the fund to carry out that purpose. Practically seven years have now passed and nothing has been done to realize on these purposes. Moreover, at that time the only organization of the beneficiaries of this trust was the post of the American Legion at Logan. There are now two other posts, one of them in numbers a fair rival to the Logan post. In the meantime none of the beneficiaries has been receiving any benefits of any kind from the fund. While we would not undertake to substitute our judgment for that of the board of control in a matter in which it was peculiarly qualified to act if this question were coming fresh from the board of control to this court, we now find the fact to be that at the end of seven years we are apparently no nearer the erection of a memorial building at Logan than we were when the board of control dissolved. And we are confronted with the fact that other posts of the American Legion have been organized and are functioning, indicating that a post at Logan is not sufficient for the needs of the soldiers of Hocking County, and by the further fact that no one is getting any benefit at all from the fund as things now stand under the resolution made by the board of control in 1919. The plan of the board of control having heretofore failed to work and the needs of the soldiers seeming to be now different from anything anticipated in 1919, we conclude that it is now within our power and duty to put the fund to work for the benefit of those for whom it was raised.

Of course the easiest way to dispose of this very considerable sum would be to order its disbursement among the posts of the American Legion in the proportions agreed upon; that is, forty-eight per cent to the Logan post, forty-two per cent to the Murray post and ten per cent to the Laurelville post. We are of the opinion, however, that to do so might result in an improvident use of some of the money. Soon after the trustees came into the possession of this fund, and as soon as anything could have been done toward carrying out the purposes of the board of control, the value of the fund was roughly $20,000. This $20,000 we now deem to be the corpus of the trust and all held in excess of that amount is deemed to be earnings upon that corpus. These earnings, after the payment of the costs in this case, will be distributed to the three posts mentioned in the proportions above indicated. In order to carry out this purpose and to further protect the funds we find that the original donors confided this trust to the entire board of cotrol, and that board had no right to abdicate and confer its powers upon a committee selected by it. This committee or, as they are called, the trustees of the funds have,

however, conserved the fund with fidelity and wisdom and are to be commended for their conduct in regard thereto. In order, however, to give them a defensible position they are now appointed trustees by the court, that is, the entry will show the appointment of the four surviving trustees. Mr. Ambrose being dead, Mr. C. F. Lauer will be appointed the fifth trustee.

At some future time we will give further consideration to any application that may be made by either or all of the three posts mentioned for a distribution of the corpus of the fund.

The court desire that Mr. Forrest E. Weinrich, one of counsel for the petitioning posts, and Judge Whitcraft, who was formerly associated with the board of control, join in preparing an entry along the lines indicated in this opinion. The entry will show that a motion for a new trial by any of the disappointed litigants is overruled.

Mauck, P J, Sayre and Middleton, JJ, concur.